```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```
ALICIA M. ROBINSON,

                       Plaintiff,                  06-CV-6657T

                v.                          **DECISION**
                                                     **and ORDER**

JO ANNE B. BARNHART, Commissioner
of Social Security

                       Defendant.
_____

## INTRODUCTION

Plaintiff Alicia M. Robinson ("Robinson") brings this action pursuant to Title XVI of the Social Security Act, § 201 et. seq. (codified at 42 U.S.C. § 1381 et. seq.) claiming that the Commissioner of Social Security improperly denied her application for Supplemental Security Income payments.[1] Specifically, Robinson alleges that the decision of an Administrative Law Judge ("ALJ") denying her application for benefits was erroneous because it was not supported by substantial evidence in the record.

The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law. Robinson opposes the defendant's motion, and cross-moves for judgment on the pleadings. Because the Court determines that the findings of the Commissioner are supported by substantial evidence,

---

[1] This case (formerly civil case 03-CV-0832E) was transferred to the undersigned by the Honorable Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated December 27, 2006.

judgment on the pleadings is hereby granted in favor of the defendant.

## BACKGROUND

On February 28, 2001, plaintiff Alicia Robinson, at the time a 28 year old former customer service representative and industrial worker, applied for Supplemental Security Income payments, claiming that she had become unable to work as of May 1, 2000 because of fibromyalgia. Robinson's application was denied initially and on reconsideration. Thereafter, Robinson requested an administrative hearing before an Administrative Law Judge which took place on March 26, 2003. Although plaintiff was aware of her right to representation, she chose to waive that right and proceeded without representation.

In a decision dated April 23, 2003, the ALJ found that Robinson had been working as a customer service representative since her alleged onset date (May 1, 2000) until March 25, 2003, the day before the hearing, when she took a one month leave of absence. Because she was engaged in substantial gainful activity during the alleged period of disability, the ALJ found that she was not disabled within the meaning of the Act and therefore not entitled to receive Supplemental Security Income payments. Robinson's appeal of the ALJ's decision to the Social Security Appeals Board was denied on September 3, 2003, and on November 6, 2003 plaintiff filed this action.

DISCUSSION

I. Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Section 405(g) this limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Monqeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). Defendant asserts that her decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the

contents of the pleadings. <u>Sellers v. M.C. Floor Crafters, Inc.</u>, 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that "the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief," judgment on the pleadings may be appropriate. <u>See</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). Because the Court determines that the findings of the Commissioner are supported by substantial evidence, judgment on the pleadings is hereby granted for the defendant.

II. <u>The Commissioner's decision to deny Plaintiff benefits was supported by substantial evidence in the record.</u>

The ALJ made the determination based on the evidence before him that plaintiff did not suffer from a disability under the Social Security Act. A disability is defined by 42 U.S.C. § 423(d) as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...." 42 U.S.C. § 423(d) (1991). Specifically, the ALJ found plaintiff had engaged in substantial gainful activity during the alleged period of disability and therefore was not disabled within the meaning of the Social Security Act (Transcript of Administrative Proceedings at page 13) (hereinafter "T.").

Plaintiff's alleged date of disability was May 1, 2000. However, plaintiff's own testimony was that she had been working since her alleged onset date. She completed two work history

reports, one from March 1, 2001 (T. 88) and one from May 12, 2001 (T. 103-10), both which show that plaintiff had worked several jobs since May 1, 2000 through temporary agencies. From May 2000 until January 2001 plaintiff was an industrial worker, working eight hours per day, five days per week and earning between $6.00 and $7.50 per hour (T. 88, 103, 106). From August/September 2000 until October 2000 plaintiff worked in telemarketing as a telephone interviewer, working eight hours per day, five to six days per week and earning $7.50 per hour (T. 88). From October 2000 until December 2000 she worked as a customer service representative for eight hours per day, five days per week earning $8.00 per hour (T. 88, 103, 107). In February 2001 she was a telephone interviewer, working four hours per day, three to four days per week and earning $8.00 per hour (T. 88, 103, 105). In April 2001 she worked as a customer service representative eight hours per day, one day per week and earned $9.00 per hour (T. 103-04). According to the Social Security Administration, plaintiff earned $8,277.95 in 2000 and $7,484.43 in 2001 (T. 79-80).

    Furthermore, plaintiff testified at her hearing that she had been working since September 9, 2002 as a customer service representative at Teletech Customer Service, working ten hours per day, four days per week and earning $9.19 per hour (T. 23-24). She had stopped work the day before the hearing and had begun a one-month medical leave (T. 22-23, 144).

    Reviewing the evidence in the record as well as plaintiff's own testimony, it was proper for the ALJ to determine that

plaintiff had engaged in substantial gainful activity during the alleged period of disability and therefore was not disabled. Where an individual is actually engaging in substantial gainful activity, a finding of not disabled can be made without considering the medical and vocational evidence in the record. 20 C.F.R. § 419.920(b). Therefore the ALJ's decision must be affirmed.

## CONCLUSION

For the reasons set forth above, I grant defendant's motion for judgment on the pleadings. Plaintiff's motion for judgment on the pleadings is denied, and plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         January 18, 2007